## DAGGERS v. MAYER.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

DAMAGES (§ 163*)—BREACH OF CONTRACT—EVIDENCE.

> In an action for breach of an alleged contract to repurchase stock sold plaintiff by defendant, a judgment for damages for the breach could not be sustained, where there was no attempt to prove the amount of the loss by reason of the breach.
>
> [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 454–459; Dec. Dig. § 163.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Alice L. Daggers against Charles A. Mayer. From a judgment for plaintiff, after a trial by the court without a jury, defendant appeals. Reversed, and new trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Louis Jersawitz, of New York City, for appellant.

Goldsmith, Rosenthal, Mork & Baum, of New York City, for respondent.

BIJUR, J. Plaintiff originally sued defendant for breach of his agreement to repurchase from the plaintiff, at $20 a share, 20 shares of the stock of a certain corporation, which defendant had sold to the plaintiff at $10 a share. Defendant pleaded the statute of frauds, and plaintiff admitted the agreement was not in writing. In the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

midst of the trial plaintiff was allowed to amend her complaint "to allege fraud against the defendant."

I am unable to find from the record what plaintiff regards as the fraud perpetrated by the defendant. Apparently it is claimed that defendant had told plaintiff that some of her friends had also bought stock, and there are indications in the testimony that defendant claims he had not sold stock to these friends. If this were a material representation, the proof of its falsity is insufficient. Nor is there any evidence that plaintiff relied thereon. In no event is there any basis for the award of any such amount of damages as $400. Indeed, there is no proof of any damage, except through failure of defendant to perform his alleged contract to repurchase the stock, and there is no attempt to prove what may have been plaintiff's loss by reason of such breach, so that in no aspect can the judgment be sustained.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.